```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PETER A. TUCCI, SR., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4925 (JBS) |
| v. | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Carlo Scaramella, Esq.
LAW OFFICES OF CARLO SCARAMELLA, LLC
One Greentree Centre, Suite 201
10000 Lincoln Drive East
Marlton, NJ 08053
     Counsel for Plaintiff

Thomas E. Schorr, Esq.
SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP
2 Research Way
Princeton, NJ 08540
     Counsel for Defendants

**SIMANDLE**, District Judge:

     This matter is before the Court on Plaintiff Peter A. Tucci, Sr.'s motion to remand this action to state court [Docket Item 9]. The sole issue before the Court is whether the thirty-day statutory period to seek removal under 28 U.S.C. § 1446(b) commences, when the summons and complaint are served only on a defendant's statutory agent, here, the Commissioner of Banking and Insurance. For the reasons outlined below, the Court will adopt the reasoning of the majority of courts to have considered

this question and hold that where service is made on a statutory agent the thirty-day period under Section 1446(b) does not begin until defendants actually receive the summons and complaint. Consequently, the Court will deny Plaintiff's motion to remand because Defendants' notice of removal was timely.

I.   BACKGROUND

This action, which involves a dispute over insurance coverage, began in the Superior Court of Burlington County, New Jersey in July, 2008. There is no dispute as to the material facts at issue here. On August 29, 2008, Plaintiff served a copy of a summons and complaint in this action on the New Jersey Commissioner of Banking and Insurance ("the Commissioner"), as permitted by Section 17:32-2(c), N.J. Stat. Ann.  (Decl. of Pl.'s Counsel; Pl. Ex. 1.)  On September 4, 2008, the Commissioner mailed the summons and complaint to Defendant Twin City Fire Insurance Company.[1]  (Def. Ex. 1.)  On October 3, 2008, thirty-five days after the Commissioner was served, but twenty-nine days after the Commissioner mailed the initial pleadings to Defendants, Defendants filed a notice of removal with this Court

---

[1] Though Plaintiff suggests in his motion to remand that the Commissioner sent a copy of the summons and complaint to Defendant on August 29, 2008, Plaintiff counsel's declaration and attached proof of service do not establish the date these initial pleadings were mailed and his reply does not challenge Defendants' proof that they were mailed on September 4, 2008. The Court therefore accepts September 4, 2008, as the date the Commissioner sent the summons to the out-of-state defendant.

2

[Docket Item 1]. Plaintiff's motion to remand followed. On February 23, 2009, the Court heard oral argument and reserved decision.

## III. DISCUSSION

Plaintiff contends that Defendants did not file their notice of removal within thirty days of service of process as required by 28 U.S.C. § 1446(b). This presents the Court with the narrow question of when the thirty-day period commences under Section 1446(b) if process is served only on a statutory agent. The Court begins with the legislative history of that provision, keeping in mind that "the statute governing removal . . . must be strictly construed against removal." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005).

Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Though this provision has evolved since originally enacted in 1948, Congress has consistently sought to ensure that a defendant has "adequate time" to consider removal after learning not only that it was the subject of a lawsuit, but

also the basis for removal.[2]  Murphy Bros. Inc. v. Michetti Pip Stringing, Inc., 526 U.S. 344, 351-52 (1999).  With the most recent relevant amendment in 1965, Congress increased the removal period from twenty to the current thirty days.  Act of Sept. 29, 1965, Pub. L. No. 89-215, 79 Stat. 887 (1965) (prior to 1977 amendment).  "The purpose of [that] amendment was to insure that defendants would have an adequate period of time to evaluate the need for removal."  Burton v. Continental Casualty Co., 431 F.

---

[2] The original version of this provision "was intended to 'give adequate time and operate uniformly throughout the Federal jurisdiction.'"  Murphy Bros., 526 U.S. at 351 (quoting H.R. Rep. No. 308, at A135 (1947)).  That original version proved ineffective, because it started the clock "after commencement of the action or service of process, whichever is later," Act of June 25, 1948, 62 Stat. 939 (1948) (prior to 1949 amendment), but in some states this meant that the period would expire before the defendant had access to the complaint. Murphy Bros., 526 U.S. at 351.  The current version was consequently drafted "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period."  Id.  The change was intended to forestall the start of the thirty days until the defendant knew not only that she was the subject of a lawsuit, but also the basis for removal.  The Senate Report explained:

> In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later.  As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal Court before he knows what the suit is about.  As said section herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for.

S. Rep. No. 303, at 6 (1949).

Supp. 2d 651, 656 (S.D. Miss. 2006) (citing S. Rep. No. 712, at 2 (1965)).

With this history in mind, the Court returns to the present question. Though there is no published circuit court opinion on the subject, the vast majority of courts to consider this question have held that the thirty-day period for removal does not commence with service on a statutory agent, but instead when the defendant receives the summons and complaint.[3] See 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. 1998 & Supp. 2008) ("[I]t now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process."). The Court will adopt the majority rule, the product of collective wisdom.

---

[3] See, e.g., Gordon v. Hartford Fire Ins. Co., 105 F. App'x 476 (4th Cir. 2004); Lynch v. Coinmaster USA, Inc., No. 06-365, 2006 WL 2616217 (D. Del. Sept. 12, 2006); Burton v. Continental Cas. Co., 431 F. Supp. 2d 651 (S.D. Miss. 2006); White v. Lively, 304 F. Supp. 2d 829 (W.D. Va. 2004); Lilly v. CSX Transp. Inc., 186 F. Supp. 2d 672 (S.D.W. Va. 2002); Hibernia Cmty. Dev. Corp. Inc. v. U.S.E. Cmty. Servs. Group, Inc., 166 F. Supp. 2d 511 (E.D. La. 2001); Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61 (D.R.I. 1997); Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519 (W.D.N.Y. 1996); Taphouse v. Home Ins. Co., 885 F. Supp. 158 (E.D. Mich. 1995); Skidaway Associates, Ltd. v. Glen Falls Ins. Co., 738 F. Supp. 980 (D.S.C. 1990); Kurtz v. Harris, 245 F. Supp. 752 (S.D. Tex. 1965); Mahoney v. Witt Ice & Gas Co., 131 F. Supp. 564 (W.D. Mo. 1955).

Statutory agents, unlike agents in fact, have both limited purpose and limited power.  In fact, they "are not true agents but are merely a medium for transmitting the relevant papers." Wright & Miller, supra, at 5; Taphouse v. Home Ins. Co., 885 F. Supp. 158, 160 (E.D. Mich. 1995); see Skidaway Associates, Ltd. v. Glen Falls Ins. Co., 738 F. Supp. 980, 982 (D.S.C. 1990). This is equally true in New Jersey, where a foreign company will not be admitted until it

> [c]onstitutes, by a duly executed instrument filed in the department, the commissioner and his successor in office its true and lawful attorney, upon whom all original process in any action or legal proceeding against it may be served, and therein agrees that any original process against it which may be served upon the commissioner shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this State . . .

N.J. Stat. Ann. § 17:32-2(c).  The Eastern District of Michigan, interpreting a similar statute, had this to say:

> The Michigan statute requires foreign insurers to stipulate that any service of process upon the Insurance Commissioner "shall have the same effect as if personally served on the company." This does not, however, effectuate the appointment of the Insurance Commissioner as a general agent of the company. Certainly, the statute provides an effective means of facilitating suit against a foreign insurer, making location of such companies and enforcement of insurance contracts against them more likely. Nevertheless, such a statutory designation is far different from the private appointment of an agent, whether voluntary or statutorily prescribed.

6

Taphouse, 885 F. Supp. at 160.  Thus, under N.J. Stat. Ann. § 17:32-2(c), as in Michigan, the Commissioner is only "a conduit to ensure that service is made upon the defendant."  See id.  Most significantly, the Commissioner had no power to remove this case on behalf of Defendants.  See N.J. Stat. Ann. § 17:32-2; Burton, 431 F. Supp. 2d at 655.

The only decision in the Third Circuit on this question comes to the same conclusion.  Lynch v. Coinmaster USA, Inc., No. 06-365, 2006 WL 2616217 (D. Del. Sept. 12, 2006).  In Lynch, the district court considered whether service on the Secretary of State, as provided for under the Delaware Code, began the thirty-day removal period.  Id.  The Delaware Code, similar to the New Jersey statute at issue here, stated that service on the Secretary of State "when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State."  Del. Code Ann. tit. 10, § 3104 (1995) (amended 2008).  Nevertheless, Judge Farnan found that the Secretary of State was "merely a medium for transmitting the relevant papers" and so service on such a statutory agent could not start the clock under Section 1446(b).  Lynch, 2006 WL 2616217, at *2.

In light of the statutory agent's limited authority, courts have found, and this Court finds, that receipt by a statutory agent does not constitute "receipt by the defendant" under

Section 1446(b).  Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) ("A strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings."); Taphouse, 885 F. Supp. at 159-60; Kurtz v. Harris, 245 F. Supp. 752, 754 (S.D. Tex. 1965); Mahoney v. Witt Ice & Gas Co., 131 F. Supp. 564, 568 (W.D. Mo. 1955) ("Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination.").  To find to the contrary would contravene Congress' intent to ensure that defendants know that they are the subject of a suit and as well as the basis for the suit before the removal period begins.  See Murphy Bros., 526 U.S. at 351-52.  As the Southern District of West Virginia explained:

> The rationale behind this line of cases is that a defendant can make a decision to remove only after examining the complaint. If the removal period began running upon receipt of the complaint by the statutory agent, "the privilege of a defendant to remove could be easily curtailed or abrogated completely." Benson v. Bradley, 223 F. Supp. 669, 672 (D. Minn. 1963).

Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, (S.D.W. Va. 2002); see Medina, 945 F. Supp. at 521 ("[T]he defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of

the commencement of litigation against it.").[4]

Plaintiff asks the Court to reject this long line of cases on the grounds that with <u>Murphy Bros.</u>, the Supreme Court "changed the landscape of removal to elevate formal service over actual receipt." (Def. Reply at 3.)  Plaintiff misreads <u>Murphy Bros.</u> In <u>Murphy Bros.</u>, the Supreme Court rejected the "receipt rule," which "start[ed] the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service." 526 U.S. at 356.  This does not mean, however, that the opposite is true - that formal service negates the requirement that defendant actually receive the papers that are served.[5]

The question presented in <u>Murphy Bros.</u> was whether the clause "through service or otherwise" of Section 1446(b) permitted the removal period to begin before formal service.  <u>Id.</u> at 347-49.  The defendant had received via facsimile a "courtesy copy" of the complaint before any formal service, and the

---

[4] The impact of Plaintiff's argument on the present case would be that Defendants had only twenty-four days to make the decision to remove and file the necessary notice of removal.

[5] While it is true, as Plaintiff points out, that some states do not require service of a complaint, so long as the summons is served and the complaint is made available through filing, defendants still must actually receive the summons, so they know to go in search of the complaint.  In any event, New Jersey is not such a state.  Here, the complaint must accompany the summons for service to be valid. Pressler, <u>Current N.J. Court Rules</u>, R. 4:4-4 (2006).

9

Eleventh Circuit found that this means of providing the complaint fell within the words "or otherwise" in Section 1446(b) and was sufficient to start the removal period. Id. at 349. The Supreme Court rejected this interpretation of "service or otherwise," concluding that formal service of the summons, either accompanied by the complaint or by the availability of a filed complaint, is necessary before commencement of the thirty-day period. Id. at 350-56.

The Supreme Court was not asked, and did not address, the meaning of the requirement that there be "receipt by the defendant," let alone whether formal service on a statutory agent necessarily must start the removal period. Nevertheless, the Court finds only support for its holding in the reasoning of Murphy Bros. As set forth above, the Supreme Court began its analysis in Murphy Bros. by looking to the legislative history of Section 1446(b), and noted that Congress intended the provision to give "adequate time" to defendants after receipt of plaintiff's initial pleading. Id. at 351-53. Thus, the Supreme Court took pains to ensure that its opinion was consistent with this intent. Id. at 354 ("The interpretation of § 1446(b) adopted here adheres to tradition, makes sense of the phrase 'or otherwise,' and assures defendants adequate time to decide whether to remove an action to federal court.") Murphy Bros., rather than undermining the well-established rule that the

removal period begins not with service on a statutory agent, but with receipt by defendants or their true agent, provides further support for this jurisprudence.

Plaintiff also argues that service on a statutory agent should begin the time for removal because this formal service is more uniform and certain.[6] The Court first notes that were this true, it would nevertheless be contrary to text of the statute and the intent of Congress to find that uniformity and certainty require a shortening of the period of time which defendants, in reality, have to decide whether to remove a case to federal court. See Kurtz, 245 F. Supp. at 754 ("When notice is not in the hands of the defendant or an agent chosen by him, but in the hands of a statutory agent, often the time elapsing before the defendant is actually notified would leave no time for the process of removal if plaintiff's view were accepted."). Regardless, the Court rejects the contention that calculating the time for removal based upon a named defendant's actual receipt

---

[6] Plaintiff cites Bodden v. Union Oil Co., 82 F. Supp. 2d 584, 589 (E.D. La. 1998) to support this contention. Bodden, however, relied on Reece v. Wal-Mart Stores, Inc., 98 F.3d 839 (5th Cir. 1996), in which the Fifth Circuit adopted the "receipt rule." 82 F. Supp. 2d at 586-87, 589 ("[T]he policies recognized by the Fifth Circuit in [Reece] as underlying Section 1446(b) -- uniformity and expediency -- are best served by the interpretation which permits commencement of the thirty-day period on the date of formal service on the statutory agent of service rather than the date of actual receipt by the defendant."). It was just this rule that the Supreme Court rejected in Murphy Bros. Lilly, 186 F. Supp. 2d at 674.

11

would introduce more uncertainty into the matter. As the Southern District of Mississippi explained:

> It is the defendant's burden to prove that removal is proper. [] It should be a simple matter for the defendant to show when he actually received the pleading from the statutory agent. In cases where the defendant is unable to prove the date of receipt, then that defendant may not be entitled to remove the action as it is that defendant's burden to prove the propriety of the removal.

<u>Burton</u>, 431 F. Supp. 2d at 655 (internal citation omitted). To the extent that Plaintiff is concerned with uniformity, the rule this Court and others have articulated provides that under Section 1446(b) all defendants have thirty days after defendant's receipt of the summons and complaint to consider removal, regardless of the method of service chosen by plaintiffs.

In sum, Plaintiff's worries about the impact of <u>Murphy Bros.</u>, and considerations of uniformity and certainty, all dictate the result that the Court adopts in this case: where service is made on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading (or upon service of summons upon the defendant if the initial pleading has then been filed in court and is not required to be served upon the defendant, whichever period is later, see Section 1446(b), <u>supra</u>). In the present case, there is no dispute that Defendants filed their notice of removal within thirty days of receipt of

the initial pleadings from the Commissioner.  Therefore, the Court will deny Plaintiff's motion to remand.

## IV. CONCLUSION

For the forgoing reasons, the Court will deny Plaintiff's request for remand, because Defendants filed their notice of removal within thirty days of defendant's receipt of process, where formal service was made on Defendants' statutory agent.


**February 25, 2009**                           **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge